UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-1470 JGB (KKx)** | Date | September 26, 2019 |
|---|---|---|---|
| Title | *Magdai Vences Arellano v. PHH Mortgage Corporation, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) REMANDING the Action to the Riverside Superior Court; (2) DENYING AS MOOT Defendants' Motion to Dismiss (Dkt. No. 8); and (3) VACATING the October 7, 2019 Hearing (IN CHAMBERS)

## I. BACKGROUND

On July 23, 2019, Plaintiff Magdai Vences Arellano ("Plaintiff") filed a complaint in the Riverside Superior Court against PHH Mortgage Corporation ("PHH"); U.S. Bank National Association, as trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-GEL4 ("US Bank") (collectively, "Defendants"); and Does 1 through 10. ("Complaint," Dkt. No 1-1.) The Complaint contains six claims under California law[1] and one federal claim for violation of section 1641(g) of the Truth in Lending Act ("TILA") (15 U.S.C. § 1641(g)). (Id.) On August 8, 2019, Defendants removed the action to this Court, arguing that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. ("Notice of Removal," Dkt. No. 1.) On August 15, 2019, Defendants filed a motion to dismiss. ("MTD," Dkt. No. 8.) On August 26, 2019, Plaintiff filed a notice of voluntary dismissal of her only federal claim for relief. (Dkt. No. 12.) As such, no claim remains over which the Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Those claims are 1) violation of Cal. Civ. Code § 2923.6(c); 2) violation of Cal. Civ. Code § 2923.7; 3) violation of Cal. Civ. Code § 2924.9; 4) violation of Cal. Civ. Code § 2924.10; 5) negligence; and 6) unfair business practices in violation of Cal Bus. & Prof. Code § 17200, et seq. The first through fourth claims are for violations of the California Homeowner Bill of Rights ("HBOR").

On September 9, 2019, the Court issued an order to show cause why the case should not be remanded for lack of subject matter jurisdiction. ("OSC," Dkt. No. 18.) On September 13, 2019, Defendants filed a response ("D. Resp.," Dkt. No. 20), along with a request for judicial notice ("RJN," Dkt. No. 21).[2] Plaintiff filed a response on September 19, 2019. ("P. Resp.," Dkt. No. 22.)

## II.  LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy ("AIC") exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. Federal courts are under an "an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and may raise the issue of subject matter jurisdiction at any time, sua sponte, Mobilitie Mgmt., LLC v. Harkness, 2016 WL 10879714, at *1 (C.D. Cal. Oct. 31, 2016).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

The district court should first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). If the complaint does not specify the amount of damages, "the court may examine facts in the complaint and evidence submitted by the parties." Id. The defendant bears the burden of establishing the amount in controversy at removal. Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). Therefore, the defendant must offer evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

## III.  DISCUSSION

---

[2] Defendants request that the Court take judicial notice of home value property estimates from Zillow.com and Trulia.com. (RJN at 2.) Because the Court determines the value of the property is not the proper measure of the amount in controversy, it does not rely on these documents. Accordingly, the RJN is DENIED AS MOOT.

In the Notice of Removal, Defendants allege Plaintiff is a citizen of California, PHH is a citizen of New Jersey, and US Bank is a citizen of Ohio.  (Notice of Removal ¶¶ 9–11.)  They contend the AIC exceeds $75,000 because Plaintiff seeks punitive damages, treble damages, civil penalties, restitution, disgorgement of profits, attorneys' fees, and an injunction "in addition to" approximately $75,000 in damages.  (Id. ¶ 12.)  However, the Complaint states that the "[a]mount in controversy [is] less than $75,000" and "approximately $75,000.00."  (Compl. at 1; id. ¶ 9.)  Plaintiff seeks "compensatory, special and general damages in an amount subject to proof at trial; . . . civil penalties . . . for the greater of treble damages or $50,000[;] . . . civil penalties of $2,000[;] . . . an injunction enjoining Defendants from conducting further foreclosure activity[;] . . . restitution and disgorgement of profits[;]" and attorneys' fees.  (Id., Prayer for Relief.)  The most natural reading of the Complaint is that the "approximately $75,000" AIC is inclusive of – not additional to – the various types of damages and remedies requested in the prayer for relief.

In their Response to the OSC, Defendants argue Plaintiff seeks to permanently enjoin foreclosure, and thus that the AIC is the value of the property or the amount of indebtedness of the property.  (D. Resp. at 2–3 (citing Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 776 (9th Cir. 2017) ("When a plaintiff seeks to quiet title to a property or permanently enjoin foreclosure, the object of the litigation is the ownership of the property.  Therefore, the value of the property or the amount of indebtedness on the property is a proper measure of the amount in controversy."); Compl., Prayer for Relief ¶ 4 ("Plaintiff prays . . . For an injunction enjoining Defendants from conducting further foreclosure activity . . . pursuant to [Cal.] Civ. Code § 2924.12[.]")).)

Plaintiff responds that she is not seeking a permanent injunction, but "a temporary injunction pending the review of a loan modification application she submitted . . . , which is the customary remedy provided by the governing HBOR statutes."  (P. Resp. at 3.)  Civil Code § 2924.12(a), under which Plaintiff seeks an injunction, allows a borrower to bring an action to enjoin a violation of certain provisions of the HBOR.  Cal. Civ. Code § 2924.12(a)(1).  Such an injunction "shall remain in place . . . until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief."  Id. § 2924.12(a)(2).  Where the object of litigation is a temporary injunction, the value of the loan amount is not the amount in controversy because the plaintiff must still pay her debt to retain the subject property.  Corral, 878 F.3d at 776.

Other courts that have examined this issue have come to the same conclusion.  As another court in this district explained, "[c]ourts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale pending a loan modification."  Vergara v. Wells Fargo Bank, N.A., 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) (emphasis in original).  This is because, as is the case here, "the primary relief sought by plaintiff is a temporary delay of the foreclosure proceedings, and the amount of the loan at issue would therefore not be a relevant measure of damages."  Cheng v. Wells Fargo Bank, N.A., 2010 WL 4923045, at *2 (C.D. Cal. Dec. 2, 2010); see also

Jauregui v. Nationstar Mortgage LLC, 2015 WL 2154148, at *4 (C.D. Cal. May 7, 2015) (remanding action where plaintiff sought only injunction of foreclosure activity "until a written determination on [his] loan modification application is conveyed to [him] in accordance with [HBOR]" and did not seek to challenge defendant's right to collect on the outstanding loan amount); Vonderscher v. Green Tree Servicing, LLC, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013) ("Numerous other courts have found that when a plaintiff does not seek to rescind the loan at issue, but instead seeks damages in an unspecified amount . . . the amount in controversy is not properly gauged by the loan amount."); Landa v. Flagstar Bank, FSB, 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010) (remanding action where plaintiffs sought an "injunction against foreclosure" but were "not seeking loan rescission").

Generally, in cases where the plaintiff seeks a temporary injunction pending review of a loan modification application, the party attempting to establish diversity jurisdiction "may still demonstrate that the amount in controversy requirement is satisfied using other measures, such as the transactional costs to the lender of delaying foreclosure or a fair rental value of the property during the pendency of the injunction." Corral, 878 F.3d at 776. Here, however, Defendants have advanced no other arguments and cited no other evidence that the amount in controversy is greater than $75,000. Accordingly, the Court concludes the AIC requirement is not satisfied and diversity jurisdiction is therefore lacking.

As Defendants point out, the Court has supplemental jurisdiction over Plaintiff's state law claims based on Plaintiff's original inclusion of a federal claim. See 28 U.S.C. § 1367(a). However, the Court may decline to exercise supplemental jurisdiction over state law claims where all claims over which it has original jurisdiction have been dismissed. See id. § 1367(c)(3). The Court declines to exercise supplemental jurisdiction and REMANDS the action to the Riverside Superior Court. Defendants' MTD is DENIED AS MOOT.

### IV. CONCLUSION

For the foregoing reasons, the Court REMANDS the case to the Riverside Superior Court and DENIES AS MOOT Defendants' Motion to Dismiss. The hearing scheduled for October 7, 2019 is VACATED.

**IT IS SO ORDERED.**